UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   08-14138-CIV-MARTINEZ
MAGISTRATE P. A. WHITE

ARTHUR J. WESLEY,                   :

      Plaintiff,           :

v.                                  :        REPORT OF
                                             MAGISTRATE JUDGE
JOHN HETHERINGTON,
et al.,                             :

      Defendants.          :
_____

The pro-se plaintiff, Arthur J. Wesley, filed a civil rights complaint pursuant to 42 U.S.C. §1983,(De#1) The plaintiff claims that his public defenders have colluded with the State Attorney's Office to compel him to accept a plea. The plaintiff, a pre-trial detainee, is confined at the Martin County Jail. The plaintiff seeks monetary and injunctive relief. The plaintiff is proceeding in forma pauperis.(DE#2)

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

II.  Analysis

A.  Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

*   *   *

(e)(2) Notwithstanding any filing fee, or
any portion thereof, that may have been paid,
the court shall dismiss the case at any time
if the court determines that –

\*   \*   \*

(B) the action or appeal –

\*   \*   \*

(i)  is frivolous or malicious;

(ii) fails to state a claim on which
relief may be granted; or

(iii) seeks monetary relief from a
defendant who is immune from such
relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than

formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.   <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face.   <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d 1289 (11 Cir. 2007).   While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65.   The rules of pleading do "not require heightened fact pleading of specifics . . . ."   The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007)(quoting <u>Twombly</u>, 127 S.Ct. at 1964).


B.   <u>Factual Allegations</u>

The plaintiff claims that John Hetherington, Martin County Public Defender, along with Assistant Public Defender Mario Theodore, and Alexis Rhinehart, a Martin County Investigator are "double agents" working with the State Attorney's Office to share privileged client information in an effort to compel him to accept a plea.

C.   <u>Analysis of Sufficiency of Complaint</u>

There are many reasons why this complaint should dismissed. The plaintiff is a pretrial detainee and his state criminal proceedings are still in progress,[1] therefore this Court is prohibited from interfering therein.  <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971).  Under <u>Younger</u> and its progeny, federal courts must abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances.  <u>See</u> <u>Arkebauer v. Kiley</u>, 985 F.2d 1351, 1357 (7 Cir. 1993).  Resolving the plaintiff's Section 1983 claims would significantly interfere with pending state criminal proceedings, and the plaintiff has not alleged that any extraordinary circumstances exist for interfering with his state case.

Furthermore, claims which challenge the constitutionality of the plaintiff's current detention are not cognizable in a civil rights case; a habeas corpus action (following the exhaustion of state remedies) is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement, including pre-trial confinement.  <u>Preiser v. Rodriquez</u>, 411 U.S.

---

[1]Research at the Florida Department of Corrections website reveals that the plaintiff has multiple prior convictions, but was released from the custody of the DOC on March 8, 2000.

4

475, 488-490 (1973).

Moreover, if a prisoner or detainee brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).  Heck applies to suits filed by pretrial detainees. Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9 Cir. 1996); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5 Cir. 1996).

Lastly, defendants Hetherington and Theodore are immune from a §1983 suit for damages as public defenders do not generally act under "color of state law". Polk County v Dodson, 454 U.S. 312 (1981). Further, the claims against them are conclusory and fail to state a claim. There may be many valid reasons why Wesley's public defender is attempting to work out a plea agreement for him.

III.  Conclusion

It is therefore recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 28th day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE


cc:  Arthur J. Wesley,  Pro Se
     #873075
     Martin County Jail
     Address of Record