UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Fort Pierce Division

Case Number:  08-14138-CIV-MARTINEZ-WHITE

ARTHUR J. WESLEY,

    Plaintiff,

vs.

JOHN HETHERINGTON, ALEXIS
RHINEHART, MARIO THEODORE,
MARTIN COUNTY PUBLIC DEFENDER
OFFICE,

    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT

The matter was referred to the Honorable Patrick A. White, United States Magistrate Judge, for initial screening of Plaintiff's *pro se* civil rights complaint (D.E. No. 3) as the Plaintiff is a pre-trial detainee who is proceeding in *forma pauperis*.  The Plaintiff, who is in detention at Martin County Jail on state criminal charges, has filed a civil rights claim against his Public Defenders, John Hetherington and Mario Theodore, and a Martin County Investigator, Alexis Rhinehart, pursuant to 42 U.S.C. § 1983.  More specifically, the Plaintiff alleges that the Defendants shared privileged client information with the State Attorney's Office in an effort to coerce him to accept a plea agreement thereby, violating his rights to due process.  (D.E. No. 1 at 3, ¶ II).

On April 24, 2008, the Magistrate Judge filed a Report **(D.E. No. 4)** on the Plaintiff's civil rights claim, which recommends that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.  The Magistrate

Judge advises that there are a number of reasons to dismiss the Complaint. First and foremost, he notes that because the Plaintiff is a pre-trial detainee whose state criminal proceedings are still in progress, the *Younger* abstention doctrine applies. (*Id*. at 4). This doctrine holds that federal courts should abstain from proceeding in ongoing state criminal proceedings absent exceptional circumstances. *Younger v. Harris*, 401 U.S. 37, 41, 45-46 (1971). In defining the sorts of exceptional circumstances that would warrant interference with a state court proceeding, the United States Court of Appeals for the Eleventh Circuit has held that a federal court could intervene where the state court proceeding is a bad faith prosecution. *See Rowe v. Griffin*, 676 F.2d 524, 525-26 (11th Cir. 1982) (finding that a federal court could enjoin an ongoing state court proceeding where the defendant had been assured of immunity from prosecution by state prosecutors). Because the Plaintiff in the instant case has not alleged that there are any extraordinary circumstances which would warrant intervention, the Magistrate Judge urges the Court to dismiss his Complaint pursuant to *Younger*.

     Additionally, the Magistrate Judge advises that claims which challenge the constitutionality of an individual's detention are not cognizable in a civil rights action. (D.E. No. 4 at 4). As the Magistrate Judge notes, the proper vehicle for asserting a claim that may affect the fact or duration of a criminal defendant's confinement is a *habeas corpus* petition. (*Id*.) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)). If a detainee brings such claims under a civil rights action, the claims must be dismissed unless the reason for his confinement has been reversed upon direct appeal, expunged by executive order, declared invalid by a state tribunal that is authorized to make that determination, or called into question by a federal court upon issuance of a writ of habeas corpus. (*Id*.) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). None

of these exceptions apply in the Plaintiff's case.

Finally, the Magistrate Judge advises that public defenders such as Defendants Hetherington and Theodore are immune from suit for damages under section 1983. As the Magistrate Judge notes, the United States Supreme Court has held that public defenders do not act under color of state law when they perform as counsel to a defendant in a criminal proceeding. (D.E. No. 4 at 5)(citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)).

The Plaintiff filed objections to the Magistrate Judge's report on May 16, 2008 (D.E. No. 5). However, the objections do not address any of the grounds that the Magistrate Judge cites for dismissing this action. Instead, the Plaintiff attaches a copy of the transcript from the deposition that Public Defender Hetherington conducted of William Kendall Dolan, a narcotics agent for Martin County, who was testifying about the Plaintiff's case, in an effort to show that his Public Defender was not taking the Plaintiff's case "seriously." (D.E. No. 5 at 2).

For example, at the beginning of the transcript, the State Attorney asks Public Defender ("PD") Hetherington whether he watched "the video," which leads PD Hetherington to inquire whether he is talking about the video of Kendall Dolan being taken by the defendant. (*Id*. at 3, lines 4-5). Then the State Attorney retorts "You are just going to lie? Oh are we on the record? Can you erase that?" (*Id*. at 3, lines 6-7). After that exchange, PD Hetherington begins the deposition by asking agent Dolan whether he was involved in an investigation into a heroin deal on August 20, 2007 and whether it concerned a certain individual named Mr. Rembert. (*Id*. at 3, lines 21-25). The Plaintiff asserts that Mr. Rembert is another one of his PD's clients and someone who had absolutely nothing to do with the Plaintiff's case. (*Id*. at 2). The Plaintiff also attaches a copy of another deposition that PD Hetherington conducted in his case. PD

Hetherington raises Mr. Rembert's name in this deposition of Martin County narcotics agent Robert Smith just as he did as his deposition of agent Dolan. (*Id*. at 4, lines 19-25). Finally, the Plaintiff attaches a copy of a newspaper article from the Palm Beach Post that describes his arrest to prove that his case had nothing to do with a heroin investigation. (*Id*. at 5).

The Court has carefully reviewed the record in this case and conducted a *de novo* review of the Plaintiff's objections. As the Court has noted, the Plaintiff does not dispute any of the points that the Magistrate makes in his Report. That is, he does not address the applicability of the *Younger* abstention doctrine, the fact that public defenders are generally considered to be immune from suit for damages under section 1983 or the fact that section 1983 claims are not the proper vehicle for challenging the constitutionality of an individual's detention. After careful review of the Magistrate Judge's Report, the Court finds that the Plaintiff's civil rights claim should be dismissed because a detainee cannot challenge the constitutionality of his confinement though a section 1983 claim. The proper vehicle for such a challenge is a *habeas corpus* petition. And, the Plaintiff has not shown that the reason for his confinement has been reversed upon direct appeal or expunged or declared invalid by a state tribunal.

Additionally, the Court also agrees with the Magistrate Judge's recommendation that public defenders are immune from suit for damages under section 1983. Thus, the Plaintiff's claims against Defendants Hetherington and Theodore are subject to dismissal on the alternate ground that they are immune from suit.

However, the Court is not convinced that the *Younger* abstention doctrine applies in this case because there is no evidence that the Plaintiff's state criminal proceeding is still ongoing. The Magistrate Judge bases this conclusion on the fact that the Florida Department of Corrections

("FDOP") website fails to list a 2007 or 2008 conviction for the Plaintiff, although it lists multiple prior convictions under his name. (D.E. No. 4 at 4 n.1). The Court is not willing to rely upon this website for evidence that the Plaintiff's state criminal proceeding is ongoing and thus, declines to accept the Magistrate Judge's recommendation to dismiss the Plaintiff's petition on the basis of the *Younger* abstention doctrine.

Nevertheless, assuming *arguendo* that the Plaintiff's state criminal proceeding is still ongoing, the Court does not find that intervention would be warranted in this case as the Plaintiff has not indicated that any exceptional circumstances exist. Additionally, neither the deposition transcript or the newspaper article that the Plaintiff cites in his objections indicate that the Plaintiff's Public Defender was colluding with the State Attorney or that the state was prosecuting the Plaintiff in bad faith. In light of the foregoing, it is:

**ADJUDGED** that United States Magistrate Judge 's Report **(D.E. No. 4)** on Plaintiff's *pro se* civil rights Complaint is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that

1. Plaintiff's civil rights Complaint **(D.E. No. 1)** is **DISMISSED** pursuant to 28 U.S.C. § 1915(e0(2)(B)(ii) for failure to state a claim upon which relief can be granted.

2. The Clerk of the Court is DIRECTED to CLOSE this case and DENY all pending motions as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th day of August, 2008.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
- Magistrate Judge White
- Arthur J. Wesley, *Pro Se*
  No. 873075
  Martin County Jail
  800 SE Monterrey Road
  Stuart, Florida 34994
  All Counsel of Record